1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
11   MARIBEL ORTIZ, on behalf of herself, all          No.  2:13-cv-01619
     others similarly situated, and the general
12   public,
13                      Plaintiff,                      **ORDER**
14          v.
15   HOBBY LOBBY STORES, INC., an
16   Oklahoma corporation; and DOES 1
     through 50 inclusive,
17
                       Defendants.
18
19          This matter is before the Court pursuant to Defendant Hobby Lobby Stores, Inc.'s
20   ("Defendant") Motion to Dismiss Plaintiff's Complaint or, in the alternative, Compel Arbitration
21   and Stay all Proceedings.  (Mot. to Dismiss, ECF No. 6.)  Plaintiff Maribel Ortiz ("Plaintiff") has
22   filed an opposition to Defendant's motion.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 14.)
23   The Court has carefully considered the arguments raised in Defendant's Motion and Reply as
24   well as Plaintiff's Opposition.  For the reasons set forth below, the Court DISMISSES without
25   prejudice Plaintiff's claims so that they may be addressed in arbitration, as required by the
26   parties' Mutual Arbitration Agreement ("Arbitration Agreement").
27
28
                                          1

1    **I.    BACKGROUND**

2          Plaintiff Ortiz brings this putative class action against her previous employer

3    Defendant Hobby Lobby Stores, Inc., on behalf of herself, all others similarly situated, and the

4    general public.  (Compl., ECF No. 1 at ¶ 1.)  Plaintiff worked as a retail employee for Defendant

5    from November 2010 to January 2013.  (ECF No. 14 at 6.)  Plaintiff alleges that Defendant has

6    failed to pay her and all other similarly situated individuals for all vested vacation pay, failed to

7    pay at least minimum wages for all hours worked, failed to provide accurate written wage

8    statements, and failed to timely pay them all of the owed final wages following separation of

9    employment.  (ECF No. 1 at ¶ 1.)  Based on violations of the Fair Labor Standards Act ("FLSA"),

10   the Labor Code, and the Business and Professions Code, Plaintiff seeks recovery as part of a class

11   action under Rule 23 of the Federal Rules of Civil Procedure.  (ECF No. 1.)  Additionally,

12   Plaintiff seeks to collect civil penalties as part of a representative action for Defendant's

13   violations of the California Private Attorney General Act ("PAGA").  (ECF No. 1 at ¶ 1.)

14         Defendant contends that Plaintiff's Complaint fails to state a claim upon which

15   relief can be granted because all of Plaintiff's claims are subject to arbitration under the parties'

16   Arbitration Agreement.  (ECF No. 6 at 16–17.)  Thus, Defendant moves this Court to dismiss

17   Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 6 at 16–

18   17.)  Alternatively, Defendant requests the Court to issue an order compelling Plaintiff to submit

19   her claims to arbitration on an individual basis as well as requests a stay of all proceedings

20   pending resolution of the arbitration, pursuant to 9 U.S.C. §§ 3, 4 (2006).  (ECF No. 6 at 16–17.)

21   **II.    STANDARD OF LAW**

22         "[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA")

23   governs the allocation of authority between courts and arbitrators."  *Cox v. Ocean View Hotel*

24   *Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008).  There is an "emphatic federal policy in favor of

25   arbitral dispute resolution."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614,

26   631 (1985).  As such, "any doubts concerning the scope of arbitrable issues should be resolved in

27   favor of arbitration, whether the problem at hand is the construction of the contract language itself

28   or an allegation of waiver, delay, or a like defense to arbitrability."  *Id*. at 626 (quoting *Moses H.*

1  *Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).  "Because waiver of the

2  right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of

3  proof.'" *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (quoting *Belke v.*

4  *Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)).

5         Generally, in deciding whether a dispute is subject to an arbitration agreement, the

6  Court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2)

7  whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys.,*

8  *Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  As such, the Court's role "is limited to determining

9  arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any

10  defenses to the arbitrator."  *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 479 (9th

11  Cir. 1991).

12         "In determining the existence of an agreement to arbitrate, the district court looks

13  to 'general state-law principles of contract interpretation, while giving due regard to the federal

14  policy in favor of arbitration.'"  *Botorff v. Amerco*, No. 2:12-cv-01286, 2012 WL 6628952, at *3

15  (E.D. Cal. Dec. 19, 2012) (citing *Wagner v. Stratton*, 83 F.3d 1046, 1049 (9th Cir. 1996)).  An

16  arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such

17  as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that

18  derive their meaning from the fact that an agreement to arbitrate is at issue."  *AT&T Mobility LLC*

19  *v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (quoting *Doctor's Assocs. Inc. v. Casarotto*, 517

20  U.S. 681, 687 (1996)).  Therefore, courts may not apply traditional contractual defenses like

21  duress and unconscionability, in a broader or more stringent manner to invalidate arbitration

22  agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration

23  agreements are enforced according to their terms."  *Id*. at 1748 (quoting *Volt Info. Scis., Inc. v.*

24  *Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

25         If a court ". . . determines that an arbitration clause is enforceable, it has the

26  discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged

27  claims are subject to arbitration."  *Delgadillo v. James McKaone Enters., Inc.*, No. 1:12-cv-1149,

28  2012 WL 4027019, at *3 (E.D. Cal. Sept. 12, 2012.)  The plain language of the FAA provides

1   that the Court should "stay the trial of the action until such arbitration has been had in accordance

2   with the terms of the agreement . . . ." 9 U.S.C. § 3.  However, "9 U.S.C. § 3 gives a court

3   authority, upon application by one of the parties, to grant a stay pending arbitration, but does not

4   preclude summary judgment when all claims are barred by an arbitration clause.  Thus, the

5   provision does not limit the court's authority to grant dismissal in the case." *Sparling v. Hoffman*

6   *Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

7   **III.    ANALYSIS**

8   Through its motion, Defendant seeks to dismiss Plaintiff's Complaint for failure to

9   state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure

10  12(b)(6).  (ECF No. 6 at 16–17.)  Alternatively, Defendant requests the Court to issue an order

11  compelling Plaintiff to submit her claims to arbitration on an individual basis and to stay all

12  proceedings pending resolution of the arbitration, pursuant to 9 U.S.C. §§ 3, 4.  (ECF No. 6 at

13  16–17.)

14  Defendant argues that Plaintiff's Complaint should be dismissed because the

15  parties executed an arbitration agreement, thereby agreeing to arbitrate employment-related

16  disputes.[1]  (ECF No. 6.)  Plaintiff disputes that a valid arbitration agreement exists.  (ECF No.

17  14.)  Therefore, as a threshold issue, the Court will address Plaintiff's arguments to determine

18  whether a valid arbitration agreement exists.

19  **A.  <u>Existence of a Valid Arbitration Agreement</u>**

20  In deciding whether to compel arbitration, the Court must determine: "(1) whether

21  a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the

22  _____

23  [1] The Arbitration Agreement provides:

24  *Employee and Company hereby agree that any dispute*, demand, claim, controversy, cause of action, or suit (collectively referred to as 'Dispute') that Employee may have . . . with or against Company . . . *that in any way arises out of, involves, or relates to Employee's employment with*

25  *Company . . . shall be submitted to and settled by final and binding arbitration in the county and state in which Employee is or was employed.* … This Agreement between Employee and Company to arbitrate all *employment-related Disputes includes,* but is not limited to, *all Disputes under or*

26  *involving . . . the Fair Labor Standards Act . . . and all other* federal, *state*, and municipal *statutes*, *regulations*, *codes*, ordinances, common laws, or public policies *that regulate*, govern, cover, or

27  relate to . . . *wages*, *compensation*, *work hours*, . . . *and any other employment-related Dispute in tort or contract.*"

28  (ECF No. 9-1 at 2.) (emphasis added).

4

1    dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.

2    2000).  In making this determination, the Court "should apply ordinary state-law principles that

3    govern the formation of contracts."  *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 11656, 1170 (9th

4    Cir. 2003).  Under California law, a valid contract requires: (1) parties capable of contracting; (2)

5    mutual consent; (3) a lawful object; and (4) sufficient cause or consideration.  Cal. Civ. Code §

6    1550.  An arbitration agreement cannot be invalidated for unconscionability absent a showing of

7    both procedural and substantive unconscionability.  *Armendariz v. Found. Health Psychcare

8    Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).  The procedural element focuses on oppression or

9    surprise due to unequal bargaining power; the substantive element focuses on overly harsh or

10   one-sided results.  *Kilgore v. Keybank, Nat'l Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (quoting

11   *Armendariz*, 24 Cal. 4th at 89).  The party challenging the arbitration agreement bears the burden

12   of establishing unconscionability.  *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US),

13   LLC*, 55 Cal. 4th 223, 247 (2012).

14          Plaintiff argues that Defendant failed to prove the existence of the Arbitration

15   Agreement because Defendant submitted the Arbitration Agreement without any foundation or

16   authentication.  (ECF No. 14 at 5–7.)  Further, Plaintiff claims that the Arbitration Agreement is

17   unenforceable because it is procedurally and substantively unconscionable under California and

18   Federal law.  (ECF No. 14 at 7–24.)  The Court finds the Arbitration Agreement enforceable for

19   the following reasons.

20                    1.   Authentication of the Arbitration Agreement

21          Plaintiff first argues that Defendant submitted the Arbitration Agreement without

22   any foundation or proper authentication.  (ECF No. 14 at 5–7.)  "The question of whether the

23   authenticity of a document has been sufficiently proved prima facie to justify its admission in

24   evidence rests in the sound discretion of the trial judge."  *Arena v. United States*, 226 F.2d 227,

25   235 (9th Cir. 1955).  Federal Rule of Evidence 901(a) requires that an item be authenticated or

26   identified "by evidence sufficient to support a finding that the item is what the proponent claims it

27   is."  *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (1988).

28          Defendant attached the Arbitration Agreement as an exhibit to Martin Mumm's

1  Declaration in support of Defendant's Motion to Dismiss.  (Decl. of Martin Mumm in Supp. of

2  Def.'s Mot. to Dismiss, ECF No. 9; ECF No. 9-1.)  Mr. Mumm is a district manager for

3  Defendant.  (ECF No. 9 at 2.)  His Declaration is based on his personal knowledge and his review

4  of Plaintiff's employment files.  (ECF No. 9 at 2.)  As a district manager, Mr. Mumm is familiar

5  with Defendant's hiring and orientation process, which involves the Defendant presenting the

6  Arbitration Agreement to the prospective employees and obtaining their signature.  (ECF No. 15

7  at 3).  Mr. Mumm declared under penalty of perjury that the information provided in his

8  Declaration is true and correct.  (ECF No. 9 at 2.)  Furthermore, the Arbitration Agreement, dated

9  November 11, 2010, has been signed by Plaintiff.  (ECF No. 9-1 at 3.)

10  Based on Mr. Mumm's Declaration and the signed Arbitration Agreement, the

11  Court finds that Defendant provided sufficient evidence to support a finding that the item is what

12  Defendant claims it is—the Arbitration Agreement between Defendant and Plaintiff.

13  2.  Procedural Unconscionability

14  Plaintiff maintains that the Arbitration Agreement is procedurally unconscionable

15  for the following reasons: (1) the Arbitration Agreement was forced upon Plaintiff on a take-it-or-

16  leave-it basis, without permitting Plaintiff any opportunity to negotiate its terms; (2) Defendant

17  failed to show that the Arbitration Agreement was presented individually; (3) the Arbitration

18  Agreement fails to provide an opportunity for judicial review; and (4) the Arbitration Agreement

19  did not attach the rules of arbitration.  (ECF No. 14 at 9–12.)

20  California courts apply a "sliding scale" analysis in making determinations of

21  unconscionability: "the more substantively oppressive the contract term, the less evidence of

22  procedural unconscionability is required to come to the conclusion that the term is unenforceable,

23  and vice versa."  *Kilgore*, 673 F.3d at 963 (quoting *Armendariz*, 24 Cal. 4th at 89).  "No matter

24  how heavily one side of the scale tips, however, *both* procedural and substantive

25  unconscionability are required for a court to hold an arbitration agreement unenforceable."  *Id*.

26  (quoting *Armendariz*, 24 Cal. 4th at 89).  The Court must apply this balancing test to determine if

27  the Arbitration Agreement is unenforceable.

28

### a.   Contract of Adhesion

Plaintiff claims the Arbitration Agreement was forced upon Plaintiff on a take-it-or-leave-it basis, without permitting Plaintiff any opportunity to negotiate its terms.  (ECF No. 14 at 5, 9–10.)  Defendant replies that the mere fact that the Arbitration Agreement was presented as a condition of employment does not establish surprise or oppression that rises to the level of procedural unconscionability.  (ECF No. 15 at 5.)

Under California law, "it is procedurally unconscionable to require employees, as a condition of employment, to waive their right to seek redress of grievances in a judicial forum." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003) (citing *Armendariz*, 24 Cal. 4th at 114–15).  The District Court for the Central District of California recently evaluated this Arbitration Agreement for unconscionability.  *Fardig v. Hobby Lobby Stores, Inc.*, No. SACV 14–561, 2014 WL 2810025 (C.D. Cal. June 13, 2014).  The court concluded, "[A]n arbitration agreement that is an essential part of a 'take it or leave it' employment condition, without more, is procedurally unconscionable."  *Id.* at *4 (citing *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 114 (2004)).  However, the court noted that adhesion contracts only result in a minimal degree of procedural unconscionability.  *Id.*

Based on California law, the Court finds that the Arbitration Agreement is procedurally unconscionable because it is part of an adhesion contract.  However, this level of procedural unconscionability is only minimal, so the Court must consider Plaintiff's supplemental arguments to determine if the Arbitration Agreement is unenforceable.

### b.   Presentation of the Arbitration Agreement

Plaintiff claims that Defendant failed to demonstrate that the Arbitration Agreement was presented individually as opposed to buried in several other documents.  (ECF No. 14 at 10–11.)  Additionally, Plaintiff claims she does not recall reading or receiving the Arbitration Agreement.  (ECF No. 14 at 11.)  Defendant replies that even if the Arbitration Agreement was presented along with other documents, it does not establish procedural unconscionability.  (ECF No. 15 at 5.)

The Arbitration Agreement at issue here is clearly labeled, in bold font, "Mutual

1     Arbitration Agreement." (ECF No. 9-1.)  The Arbitration Agreement is its own two-page

2     document and has its own signature lines.  (ECF No. 9-1.)  There are no facts showing the

3     document was buried amongst other documents.  Distinguishing from the cases that Plaintiff

4     relies on, the Court considers *Kilgore*, where the Ninth Circuit determined that the arbitration

5     provision in that case was "not buried in fine print . . . , but was instead in its own section, clearly

6     labeled," so it was not procedurally unconscionable.  673 F.3d at 957.  Similarly, this Court finds

7     that the Arbitration Agreement was properly presented.

8        Moreover, Plaintiff's assertion that she does not recall receiving the Arbitration

9     Agreement is inconsequential.  "When a party signs a document agreeing that he/she has read the

10    arbitration agreement, the burden shifts to them to demonstrate they did not agree to arbitrate."

11    *Jackson v. TIC—The Indus. Co.*, No. 1:13-cv-02088, 2014 WL 1232215, at *5 (E.D. Cal. Mar.

12    24, 2014)  (citing *Reilly v. WM Fin. Servs., Inc.*, 95 F. App'x 851, 852–53 (9th Cir. 2004)).

13    Plaintiff has not met her burden in demonstrating she did not agree to arbitrate.

14        For these reasons, this Court holds that the presentation of the Arbitration

15    Agreement does not render the Arbitration Agreement procedurally unconscionable.

16                **c.   No Opportunity for Judicial Review**

17        Plaintiff claims that the Arbitration Agreement is procedurally unconscionable

18    because it does not provide an opportunity for judicial review.  (ECF No. 14 at 11.)  The

19    Arbitration Agreement provides, "The parties agree that the decision of the arbitrator shall be

20    final and binding."  (ECF No. 9-1 at 2.)

21        "[A]n arbitration agreement does not have to explicitly provide for judicial review

22    for judicial review to be available."  *Hwang v. J.P. Morgan Chase Bank, N.A.*, No. CV 11-10782,

23    2012 WL 3862338, at *3 (C.D. Cal. Aug. 16, 2012) (citing *Little v. Auto Stiegler, Inc.*, 29 Cal.

24    4th 1064, 1075 n.1 (2003)).  "The FAA permits district courts to vacate, modify, or correct

25    arbitration awards under certain circumstances." *Appelbaum v. AutoNation Inc.*, No. SACV 13-

26    01927, 2014 WL 1396585, at *9 (C.D. Cal. Apr. 8, 2014) (citing 9 U.S.C. §§ 10, 11).

27        Accordingly, the Court finds that the Arbitration Agreement's lack of an express

28    provision permitting judicial review does not establish procedural unconscionability.

### d.  Failure to Attach Arbitration Rules

Plaintiff claims the rules of arbitration were not attached to the Arbitration Agreement and this renders the Arbitration Agreement procedurally unconscionable.  (ECF No. 14 at 11–12.)  Defendant replies that as a matter of California contract law, parties are free to incorporate arbitration rules by reference so long as the rules are clearly identified and accessible.  (ECF No. 15 at 6.)  Defendant is correct.

"Under California law, parties to an agreement can incorporate the terms of another document into the agreement by reference."  *Fardig*, 2014 WL 2810025, at *4 (citing *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1331 (2009); *Wolschlager v. Fid. Nat'l Title Ins. Co.*, 111 Cal. App. 4th 784, 790 (2003)).  However, "the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties."  *Collins v. Diamond Pet Food Processors of Cal., LLC*, No. 2:13-cv-00113, 2013 WL 1791926, at *5 (E.D. Cal. April 26, 2013) (quoting *Shaw v. Regents of Univ. of Cal.*, 58 Cal. App. 4th 44, 54 (1997) (internal quotation marks omitted)).

The Arbitration Agreement provides, "arbitration shall be conducted pursuant to the American Arbitration Association's National Rules for Resolution of Employment Disputes or the Institute for Christian Conciliation's Rules of Procedure for Christian Conciliation . . . ." (ECF No. 9-1 at 2.)  As correctly noted by Defendant, the rules of both arbitral forums are easily accessible on the organizations' websites.[2]  (ECF No. 15 at 6 n.4.)

Based on the Arbitration Agreement's clear and unambiguous incorporation of the arbitration rules and the accessibility of those rules, the Court concludes that the failure to attach the rules does not render the Arbitration Agreement procedurally unconscionable.

### 3.  Substantive Unconscionability

Plaintiff maintains that the Arbitration Agreement is substantively unconscionable

---

[2] *See* American Arbitration Association, *Employment Arbitration Rules and Mediation Procedures – English* (Nov. 1, 2009), https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362&revision=latestreleased; The Institute for Christian Conciliation, *Rules of Procedure*, http://www.peacemaker.net/site/c.nuIWL7MOJtE/b.5335917/k.D8A2/Rules_of_Procedure.htm.

1    because it: (1) is unconscionable under *Armendariz* and *Gentry*; (2) includes only employment-

2    related disputes and exempts all other disputes that are commonly brought by employers;

3    (3) denies Plaintiff the right to file suit within the applicable statute of limitations; (4) prohibits

4    agreements affecting concerted activity by workers; and (5) contains a waiver provision that "bars

5    Plaintiff from proceeding on a representative, collective or classwide basis."  (ECF No. 14 at 9–

6    12.)

7                           **a.   Substantive Unconscionability under *Gentry*[3]**

8                 Relying primarily on *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007), Plaintiff

9    claims that the Arbitration Agreement's class waiver provision is unenforceable because it

10   impedes employees' ability to vindicate unwaivable statutory rights. (ECF No. 14 at 8.)  In

11   relevant part, the Arbitration Agreement class wavier provision prohibits employees from

12   bringing any claim as part of a class action, collective action, or a joint third party action.[4]  (ECF

13   No. 9-1 at 2.)

14                In *Gentry*, the court found that class action waivers in employment contracts are

15   unenforceable when "the prohibition of classwide relief would undermine the vindication of the

16   employees' unwaivable statutory rights. . . ." 42 Cal. 4th at 450.  However, numerous federal

17   courts have found that *Gentry* has been overruled by the United States Supreme Court's decision

18   in *Concepcion*.  *Fardig*, 2014 WL 2810025, at *5.  (citing *Morvant v. P.F. Chang's China Bistro,*

19   *Inc.*, 870 F. Supp. 2d 831, 840–41 (N.D. Cal. 2012); *Velazquez v. Sears, Roebuck & Co.*, No. 13-

20   cv-680, 2013 WL 4525581, at *7–8 (S.D. Cal. Aug. 26, 2013); *Cunningham v. Leslie's Poolmart,*

21   *Inc.*, No. CV 13-2122, 2013 WL 3233211, at *4–5 (C.D. Cal. June 25, 2013)).  *Concepcion*

22   prohibits states from establishing laws that condition the enforceability of arbitration provisions

23   on the availability of classwide relief because such rules interfere with the fundamental attributes

---

[3] Plaintiff only cites to *Armendariz* for a statement of law.  (ECF No. 14 at 8.)  As such, the Court focuses its analysis on Plaintiff's argument under *Gentry*.

[4] Specifically, the Arbitration Agreement provides:

> The parties agree that *all Disputes* contemplated in this Agreement *shall be arbitrated with Employee and Company as the only parties to the arbitration*, *and that no Dispute* contemplated in this Agreement *shall be arbitrated*, *or litigated in a court of law*, *as part of a class action*, *collective action, or otherwise jointly with any third party.*

(ECF No. 9-1 at 2.) (emphasis added).

1    of the FAA, which "is to ensure the enforcement of arbitration agreements according to their

2    terms so as to facilitate streamlined proceedings."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct.

3    1740, 1748 (2011).

4            Based on *Concepcion* and the FAA, the Court finds that the class waiver provision

5    does not render the Arbitration Agreement substantively unconscionable.

6                          **b.  Claims Subject to Arbitration**

7            Plaintiff also claims the Arbitration Agreement is unconscionable because it only

8    includes employment disputes, exempting all other claims commonly brought by employers from

9    arbitration.  (ECF No. 14 at 12.)  Defendant replies that Plaintiff's argument is flawed. (ECF No.

10   15 at 7.)

11           An arbitration agreement that "compels arbitration of the claims employees are

12   most likely to bring against [the employer] but exempts from arbitration the claims [the

13   employer] is most likely to bring against its employees" is substantively unconscionable.

14   *Jackson*, 2014 WL 1232215, at *5 (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d

15   778, 785 (9th Cir. 2002) (citations omitted)).  For example, in *Ferguson v. Countrywide Credit*

16   *Indus., Inc.*, the Ninth Circuit found that the arbitration agreement was substantively

17   unconscionable because it excluded claims "for worker's compensation or unemployment

18   compensation benefits, injunctive and/or other equitable relief for intellectual property violations,

19   unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential

20   information." 298 F.3d 778, 785 (9th Cir. 2002).  Unlike *Ferguson*, the Arbitration Agreement at

21   hand does not exclude any claims that Defendant may bring against Plaintiff.  205 Cal. App. 4th

22   83; 298 F.3d 778.  Accordingly, Plaintiff's argument does not establish substantive

23   unconscionability.

24                          **c.  Statute of Limitations**

25           Plaintiff claims the Arbitration Agreement denies employees the right to file suit

26   within the applicable statute of limitations by requiring employees to file their claims "no later

27   than 10 days after [they become] aware of the dispute."  (ECF No. 14 at 5, 12–13.)  Defendant

28   replies that the statute of limitations provision does not affect Plaintiff's ability to vindicate her

                                         11

1   statutory rights because the statute of limitations provision only applies in instances where no

2   statute of limitations is been provided by statute.  (ECF No. 15 at 8.)

3        The Arbitration Agreement's statute of limitations provision only applies if there is

4   no limitations period provided by the applicable statute.  (ECF No. 9-1 at 2.)  All of Plaintiff's

5   claims have a statute of limitations set by statute.[5]  Accordingly, the Arbitration Agreement's

6   statute of limitations provision does not affect any of Plaintiff's claims.  Therefore, the statute of

7   limitations provision does not render the Arbitration Agreement substantively unconscionable.

8                    **d.  Agreements Affecting Concerted Activity by Workers**

9        Plaintiff claims that the Arbitration Agreement violates the Norris La Guardia Act

10  ("NLGA") and the National Labor Relations Act ("NLRA") because it contains a class action

11  waiver provision that effectively prohibits workers from exercising their right to engage in

12  concerted activity.  (ECF No. 14 at 15–24.)  Plaintiff bases her argument primarily on the

13  National Labor Relations Board's ("NLRB") decision in *D.R. Horton, Inc. & Cuda*, 357 N.L.R.B.

14  184 (Jan. 3, 2012) ("*Horton I*"), where the NLRB held that the NLRA prohibits contracts that

15  compel employees to waive their right to participate in class proceedings to resolve wage claims.

16  (ECF No. 14 at 15–24.)  Defendant replies that the *D.R. Horton* decision cannot be given primacy

17  post-*Concepcion*.  (ECF No. 15 at 10–11.)

18        In *Horton I*, the NLRB held that an agreement compelling employees to waive

19  their right to engage in concerted activity was an unfair labor practice, and concluded that the

20  FAA did not preclude this rule because the rule is consistent with the FAA's savings clause.[6]  357

21

22  [5] Plaintiff's first cause of action is an FLSA claim for Defendant's failure to pay employees for all hours worked in
23  violation of the FLSA.  (ECF No. 1 at 6–7.)  Pursuant to Section 255 of the United States Code, there is a two-year
    statute of limitations for Plaintiff's FLSA claim.  Plaintiff's second, third, fourth, and fifth causes of action are Labor
    Code claims for Defendant's failure to pay hourly and overtime wages, failure to provide accurate written wage
24  statements, failure to timely pay all final wages, and failure to indemnify.  (ECF No. 1 at 7–15.)  Pursuant to Section
    338 of the California Code of Civil Procedure, there is a three-year statute of limitations for Plaintiff's Labor Code
25  claims.  Plaintiff's sixth cause of action is a Business and Professional Code claim for unfair competition.  (ECF No.
    1 at 15–18.)  Pursuant to Section 17208 of the California Business and Professions Code, there is a four-year statute
26  of limitations for Plaintiff's unfair competition claim.  Plaintiff's seventh, and final, cause of action is a
    representative PAGA claim to recover civil penalties from Defendant for violating the Labor Code.  (ECF No. 1 at
27  18–21.)  Pursuant to Section 340 of the California Code of Civil Procedure, there is a one-year statute of limitations
    for Plaintiff's PAGA claim.
    [6] The savings clause provides that arbitration agreements are to be enforced "save upon such grounds as exist at law
28  or in equity for the revocation of any contract."  9 U.S.C. § 2.

1    N.L.R.B. 184.  The Fifth Circuit Court reviewed and rejected the NLRB's decision in *Horton I*,

2    finding that the NLRB's rule did not fall within the FAA's savings clause.  *D.R. Horton, Inc. v.*

3    *NLRB*, 737 F.3d 344 (5th Cir. 2013) ("*Horton II*").  The Court reasoned that the rule favored class

4    proceedings over individual arbitration and therefore interfered with the objectives of the FAA.

5    *Id*. at 355–63.  The *Fardig* Court similarly concluded that the NLRB's reasoning in *Horton I*

6    conflicts with the FAA and the Supreme Court's decision in *Concepcion*, which strongly favors

7    the enforcement of arbitration agreements and strongly disfavors striking class waiver provisions.

8    2014 WL 2810025, at *7 (citing *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d

9    831, 842 (N.D. Cal. 2012); *Miguel v. JPMorgan Chase Bank, N.A.*, No. CV 12-3308, 2013 WL

10   452418, at *9 (C.D. Cal. Feb. 5, 2013)).

11          Based on federal law, the Court finds that neither the NLGA nor the NLRA render

12   the Arbitration Agreement substantively unconscionable.

13                              **e.  PAGA Action Waivers**

14          Plaintiff first argues the Arbitration Agreement's waiver provision does not

15   encompass her right to bring a representative PAGA claim.  Plaintiff interprets the Arbitration

16   Agreement's waiver provision to bar actions only including more than one named plaintiff, and

17   therefore argues her representative PAGA action does not fall within the scope of the waiver

18   provision.  (ECF No. 14 at 13–14.)  Defendant replies that the waiver provision includes

19   Plaintiff's representative PAGA claim.  (ECF No. 6 at 14–15; ECF No. 15 at 9.)  The Court

20   agrees with Defendant and finds that the waiver provision is sufficiently broad to encompass

21   representative PAGA claims.  *Fardig*, 2014 WL 2810025, at *6 n. 8 ("[T]he Agreement's waiver

22   of bringing claims 'as part of a class action, collective action, or otherwise jointly with any third

23   party' is sufficiently broad to encompass representative PAGA claims.").[7]

24          In the alternative, Plaintiff argues that, if the PAGA claim is covered by the

25

26   ───────────────
     [7] The California legislature enacted PAGA to allow a form of qui tam action "'in the public interest to allow
     aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with
     the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts.'"

27   *Baumann v. Chase Inv. Servs*. Corp., 747 F.3d 1117, 1121 (9th Cir. 2014) (citing *Arias v. Superior Court*, 46 Cal. 4th
     969 (2009)).  If successful, "[t]he LWDA receives seventy-five percent of the penalties collected in a PAGA action,

28   and the aggrieved employees the remaining twenty-five percent."  *Id*. at 1121 (citing Labor Code § 2699(a)).

1   Arbitration Agreement, the resulting waiver of her PAGA claim is unconscionable.  (ECF No. 14
2   at 14–15.)

3      Plaintiff claims that representative PAGA action waivers are substantively
4   unconscionable and therefore unenforceable.  (ECF No. 14 at 14–15.)  Defendant replies that
5   PAGA action waivers are valid and enforceable.  (ECF No. 15 at 9–10.)  The California Supreme
6   Court has recently held that such waivers are unenforceable because they violate public policy.
7   Most federal district courts within the state, however, hold that a waiver of PAGA claims is
8   enforceable because the FAA prohibits a conclusion holding otherwise.

9      As explained by the United States Supreme Court in *Concepcion*, "a state law rule,
10  however laudable, may not be enforced if it is preempted by the FAA."  131 S. Ct. at 1748.  The
11  two primary goals of the FAA are the "enforcement of private agreements" and the
12  "encouragement of efficient and speedy dispute resolution."  *Id*.  As explained by the Ninth
13  Circuit Court, the Supreme Court has identified two situations where a state law rule is preempted
14  by the FAA.  *Kilgore*, 673 F.3d at 957 (citing *Concepcion*, 131 S. Ct. at 1747–48).  Under the
15  first situation, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the
16  analysis is straightforward: The conflicting rule is displaced by the FAA."  *Id*. (citing
17  *Concepcion*, 131 S. Ct. at 1747).  Under the second situation, "when a doctrine normally thought
18  to be generally applicable, such as duress or, as relevant here, unconscionability, is alleged to
19  have been applied in a fashion that disfavors arbitration."  *Id*.  "In that case, a court must
20  determine whether the state law rule 'stand[s] as an obstacle to the accomplishment of the FAA's
21  objectives,' which are principally to 'ensure that private arbitration agreements are enforced
22  according to their terms.'"  *Id*. (citing *Concepcion*, 131 S. Ct. at 1748).  "If the state law rule is
23  such an obstacle, it is preempted."  *Id*.

24     On June 23, 2014, the California Supreme Court held that an employment
25  agreement containing a PAGA action waiver is unenforceable.  *Iskanian v. CLS Transportation*
26  *Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014) ("Where . . . an employment agreement compels
27  the waiver of representative claims under the PAGA, it is contrary to public policy and
28  unenforceable as a matter of state law.")  The Court reasoned that it is against public policy for an

14

employment agreement to deprive employees of the option to pursue a PAGA claim before the dispute ever arises. *Id.* at 382–84. The Court explained that a "rule against PAGA waivers does not frustrate the FAA's objectives because . . . the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state Labor and Workforce Development Agency." *Id.*[8] Despite the holding of the California Supreme Court, federal law is clear that a state is without the right to interpret the appropriate application of the FAA. District courts within the Ninth Circuit have generally held that PAGA claims are subject to Arbitration Agreements and any waiver clauses within those agreements.

There is only one district court that has addressed the California Supreme Court's *Iskanian* decision. Ten days before the California Supreme Court decided *Iskanian*, the Central District Court addressed the Arbitration Agreement at issue in this case and concluded that representative PAGA action waivers are enforceable "because concluding otherwise would undermine the FAA's policy of favoring the arbitration of claims." *Fardig*, 2014 WL 2810025, at *6. After the *Iskanian* court issued its decision on June 23, 2014, the plaintiffs in *Fardig* asked the Central District Court to reconsider its order concluding the Arbitration Agreement was not substantively unconscionable for containing a waiver of the right to bring collective claims under PAGA. *Jeremy Fardig, et al. v. Hobby Lobby Stores, Inc.*, No. SACV 14-00561 (C.D. Cal. August 11, 2014) (Civil Minutes, Plaintiff's Motion for Reconsideration). The court denied the plaintiffs' motion for reconsideration, explaining that it doubted whether reconsideration was even available under the court's local rules because *Iskanian* only changed persuasive—rather than binding—law. *Id.* at 6 Nonetheless, the court briefly explained that it did not believe it erred in holding that the rule against representative PAGA action waivers was preempted. *Id.* at 6. The court clarified that under *Concepcion*, "any state-law rule standing as an obstacle to the accomplishment of the FAA's objectives of enforcing arbitration agreements according to their terms to allow for efficient procedures tailored to the specific dispute was preempted." *Id.* at 6.

---

[8] "[A] PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the state, which alleges directly or through its agents—either the Labor and Workforce Development Agency or aggrieved employees—that the employer have violated the Labor Code." *Id.* at 386–87.

1   Based on this reasoning, the court stated that "allowing the prosecution of representative PAGA

2   claims, where such claims have been waived in an arbitration agreement, would slow the dispute

3   resolution process, in opposition to the FAA's goals." *Id*. at 5.  Further, the *Fardig* court

4   explained that even though the *Iskanian* court detailed why its decision is not preempted by the

5   FAA, the California Supreme Court cannot decide this issue.  *Id*. at 5.

6           Consistent with the *Fardig* holding, a majority of District Courts have found

7   representative PAGA action waivers enforceable under the FAA and the United States Supreme

8   Court's ruling in *Concepcion*.  *See generally*, *Luchini v. Carmax, Inc.*, No. CV F 12-0417, 2012

9   WL 2995483, at *14 (E.D. Cal. July 23, 2012) (viewing "PAGA as an obstacle to enforce of

10  arbitration agreements governed by the FAA," and holding that "the arbitration agreement,

11  including its class waiver, must be enforced according to its terms, despite the attributes of

12  PAGA");[9] *Parvataneni v. E\*Trade Fin. Corp.*, 967 F. Supp. 2d 1298, 1305 (N.D. Cal. 2013)

13  (holding that "in the wake of *Concepcion*, . . . an arbitration agreement that denies a plaintiff the

14  right to pursue a representative PAGA claim is still a valid agreement"); *Morvant v. P.F. Chang's

15  China Bistro, Inc.*, 870 F. Supp. 2d 831, 846 (N.D. Cal. 2012) (using the court's reasoning in

16  *Kilgore* to hold that "[T]he Court must enforce the parties' Arbitration Agreement even if this

17  might prevent Plaintiffs from acting as private attorneys general"); *Quevedo v. Macy's, Inc.*, 798

18  F. Supp. 2d 1122, 1140–42 (C.D. Cal. 2011) (holding the PAGA action waiver enforceable and

19  rejecting the plaintiff's argument that "sending the PAGA claim to arbitration would irreparably

20  frustrate the purpose of PAGA and prevent [the plaintiff] from fulfilling the Legislature's

21  _____

22  [9] In *Luchini*, the arbitration agreement prohibited the arbitrator from hearing class, collective, or representative actions. *Luchini v. Carmax, Inc.*, No. CV F 12-0417, 2012 WL 2995483, at *3 (E.D. Cal. July 23, 2012).  The

23  defendant argued that "courts must enforce arbitration agreements 'according to their terms'" while the plaintiff argued that his "inability to bring a PAGA claim in a representative action equates to 'his inability to bring a PAGA

24  claim at all.'"  *Id*. at *13–14.  In making this argument, the plaintiff relied on *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 502–503 (2d Dist. 2011).  The *Brown* court stated, "a single-claimant arbitration under the PAGA for

25  individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code. . . . That plaintiff and other employees

26  might be able to bring individual claims for Labor Code violations in separate arbitrations does not serve the purpose of the PAGA . . ."  *Id*. at *14 (citing *Brown*, 197 Cal. App. at 502).  The court in *Luchini* found that while the *Brown*

27  rationale was reasonable, federal courts have taken a different view because "*Brown* fails to reconcile the U.S. Supreme Court's directives that the FAA displaces outright state law prohibition of 'arbitration of a particular type of claim' and that a state is unable to require a procedure inconsistent with the FAA, 'even if it is desirable for unrelated

28  reasons.'"  *Id*. (citing *Concepcion*, 131 S. Ct. at 1753).  Due to this, the court compelled the plaintiff's individual claims to arbitration, and dismissed without prejudice the plaintiff's PAGA claims.  *Id*. at *16.

1   mandate that he be deputized as an attorney general . . . ," because the plaintiff's claim was

2   "plainly arbitrable to the extent that he asserts it only on his own behalf"); *Grabowski v.*

3   *Robinson*, 817 F. Supp. 2d 1159, 1181 (S.D. Cal. 2011) (relying on the court's reasoning in

4   *Quevedo* and concluding that Plaintiff's "PAGA claim is arbitrable, and that the arbitration

5   agreement's provision barring him from bringing that claim on behalf of other employees is

6   enforceable"); *Miguel*, 2013 WL 452418, at *9–10 (following the court's reasoning in *Quevedo*

7   and finding the plaintiff could arbitrate his PAGA claim individually); *Velazquez v. Sears,*

8   *Roebuck & Co.*, No. 13-cv-680, 2013 WL 4525581, at *7 (S.D. Cal. Aug. 26, 2013) ("[P]ursuant

9   to the FAA, the PAGA and class action waivers in the Agreement are enforceable."); *Andrade v.*

10   *P.F. Chang's China Bistro, Inc.*, No. 12-cv-2724, 2013 WL 5472589, at *11 (S.D. Cal. Aug. 9,

11   2013) (finding the representative PAGA action waiver to be enforceable because "*Concepcion*

12   cannot be read so narrowly as to distinguish between a waiver of a private individual right to class

13   action and a waiver of a public right to a PAGA claim"); *Valle v. Lowe's HIW, Inc.*, No. 11-1489,

14   2011 WL 3667441, at *6 (N.D. Cal. Aug. 22, 2011) (sending the plaintiffs' PAGA claims to

15   arbitration and stating that even if the arbitrator finds the plaintiffs representative PAGA claims

16   are barred, the plaintiffs could still bring PAGA claims "on behalf of themselves and the state of

17   California").

18        Departing from the majority of the district courts, the court in *Cunningham v.*

19   *Leslie's Poolmart, Inc.* found that an employee cannot waive his right to pursue a representative

20   PAGA claim in an arbitration agreement, and if he does so, the PAGA action waiver is

21   unenforceable.  No. CV 13-2122, 2013 WL 3233211, at *8 (C.D. Cal. June 25, 2013) (citing

22   *Arias v. Superior Court*, 46 Cal. 4th 969 (2009)).  The court relied on the California Appellate

23   Court's decision, *Franco v. Athens Disposal Co., Inc.*, where the court ruled that a contract

24   containing a representative PAGA action waiver was unenforceable as contrary to public policy.

25   *Id*. at *8–10 (citing 171 Cal. App. 4th 1277 (2d Dist. 2009)).  The court noted, "If plaintiff is

26   barred from pursuing a representative action under PAGA, he is wholly forbidden from asserting

27   his right to pursue a twenty-five percent portion of the civil penalties recoverable by the

28   government for labor code violations allegedly committed by defendant."  *Id*.  That result would

not be permissible under California law or the FAA.  *Id*.  According to *Cunningham*, the FAA does not preempt states from creating a rule that prohibits representative PAGA action waivers.  *Id*.  The court reasoned:

> Under *Concepcion*, the FAA is focused on preserving the procedural integrity of arbitration by preventing states from imposing costly, complex, and time consuming formalities upon the arbitration process.  The FAA does not, however, place a categorical limit on a state's power to use private enforcement mechanisms to accomplish public policy goals above and beyond the resolution of individual claims.  Consequently, although the FAA preempts state law imposing the presence of certain procedures in the arbitration, the FAA does not preempt state laws ensuring that a plaintiff may assert substantive rights in arbitration.

*Id*.

This Court recognizes the reasoning in *Cunningham*, and agrees that, unlike the FLSA and Rule 23 class actions, which both allow recovery of a statutory right on an individual basis, the waiver of a PAGA action may prevent a plaintiff from asserting a statutory right.  However, this Court agrees with the majority of California district courts holding that the FAA's objective is to "ensure arbitration agreements are enforced according to their terms."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011).  It is clear that the majority of federal district courts find that PAGA action waivers are enforceable because a rule stating otherwise is preempted by the FAA and *Concepcion*.  As such, this Court holds that representative PAGA action waivers are enforceable.

Therefore, the Arbitration Agreement is not substantively unconscionable for containing a representative PAGA action waiver.

**B.  <u>Whether the Arbitration Agreement Encompasses the Disputed Issues</u>**

Because the Court has found that the Arbitration Agreement is valid and enforceable, the Court must determine "whether the agreement encompasses the dispute[s] at issue."  *Chiron*, 207 F.3d at 1130.  In relevant part, the Arbitration Agreement requires Defendant and Plaintiff to arbitrate all employment-related disputes.  Additionally, the Arbitration Agreement prohibits employees from bringing any claim as part of a class action, collective

1   action, or a joint third party action.  (ECF No. 9-1 at 2.)[10]

2          Plaintiff brings six employment-related disputes as part of a class action and one

3   employment-related dispute as part of a representative action.  (ECF No. 1.)  Consequently, all of

4   Plaintiff's claims fall within the scope of the Arbitration Agreement.  Notably, Plaintiff's claims

5   also fall within the scope of the Arbitration Agreement's waiver provision and therefore Plaintiff

6   may be prohibited from bringing those claims in court or in arbitration.  As such, the Court will

7   address whether Plaintiff can proceed with her claims in arbitration pursuant to the Arbitration

8   Agreement.

9                          1.   Class Action Claims

10         The Arbitration Agreement's wavier provision prohibits Plaintiff from proceeding

11  on a class basis.  As discussed above, arbitration agreements containing class action waivers are

12  valid and enforceable.  *See generally Concepcion*, 131 S. Ct. 1740.  Therefore, Plaintiff must

13  pursue her claims in arbitration on an individual basis, if at all.  The FLSA permits Plaintiff to

14  bring her first cause of action as an individual action.  The Labor Code permits Plaintiff to bring

15  her second, third, fourth, and fifth causes of actions as individual actions.  The Business and

16  Professions Code permits Plaintiff to bring her sixth cause of action as an individual action.

17  Therefore, Plaintiff must pursue her first six causes of action in arbitration on an individual basis,

18  if at all.  She has waived her right to bring class action claims.

19                          2.   Representative PAGA Claim

20         The Arbitration Agreement's wavier provision prohibits Plaintiff from pursuing

21  her representative PAGA claim in arbitration.  *See* Section III.A.3.e., *supra*.  Accordingly, the

22

---

23  [10] The Arbitration Agreement provides:

24      *Employee and Company hereby agree that any dispute*, demand, claim, controversy, cause of action, or suit (collectively referred to as 'Dispute') that Employee may have . . . with or against Company . . . *that in any way arises out of, involves, or relates to Employee's employment with*

25      *Company . . . shall be submitted to and settled by final and binding arbitration in the county and state in which Employee is or was employed*. . . . This Agreement between Employee and Company

26      to arbitrate all *employment-related Disputes includes*, but is not limited to, *all Disputes under or involving . . . the Fair Labor Standards Act . . . and all other* federal, *state*, and municipal *statutes*,

27      *regulations*, *codes*, ordinances, common laws, or public policies *that regulate*, govern, cover, or relate to . . . *wages*, *compensation*, *work hours*, . . . *and any other employment-related Dispute in tort or contract*."

28  (ECF No. 9-1 at 2.) (emphasis added).

                                    19

1   Court must determine whether Plaintiff can bring her PAGA action in arbitration on an individual

2   basis.  California courts indicate that PAGA claims may not be brought on an individual basis.

3   California federal district courts disagree on the issue.

4          "In interpreting state law, federal courts are bound by the pronouncements of the

5   state's highest court.  If the particular issue has not been decided, federal courts must predict how

6   the state's highest court would resolve it."  *Hemmings v. Tidyman's Inc*., 285 F.3d 1174, 1203

7   (9th Cir. 2002) (internal citations omitted).  Although the California Supreme Court has not

8   directly addressed this issue, state courts have generally held that PAGA actions cannot be

9   brought on an individual basis.  The California Supreme Court explained, "In a 'representative

10  action,' the plaintiff seeks recovery on behalf of other persons.  There are two forms of

11  representative actions: those that are brought as class actions and those that are not."  *Arias v.*

12  *Superior Court*, 46 Cal. 4th 969, 977 n.2 (2009).  Relying on *Arias*, a California Court of Appeal

13  clarified that a PAGA claim is not an individual claim because "[a] plaintiff asserting a PAGA

14  claim may not bring the claim simply on his or her own behalf but must bring it as a

15  representative action and include 'other current or former employees.'"  *Reyes v. Macy's, Inc.*,

16  202 Cal. App. 4th 1119, 1123 (1st Dist. 2011).  Therefore, the court explained, "The PAGA

17  statute does not enable a single aggrieved employee to litigate his or her claims, but requires an

18  aggrieved employee 'on behalf of herself or himself *and* other current or former employees' to

19  enforce violations of the Labor Code by their employers."  *Id*. at 1123–24 (emphasis in original).

20          In *Iskanian*, its most recent decision regarding PAGA, the California Supreme

21  Court does not explicitly state whether PAGA claims may exist on an individual basis.  However,

22  the Court indicated that only representative PAGA actions fulfill the purpose of the statute.  59

23  Cal. 4th at 384.  The Court held, "whether or not an individual claim is permissible under the

24  PAGA… [t]hat plaintiff and other employees might be able to bring individual claims for Labor

25  Code violations in separate arbitrations does not serve the purpose of the PAGA."  *Id*.  Because

26  the California Supreme Court finds that individual PAGA actions are not consistent with the

27  state's statutory intent, this Court considers this case to be consistent with previous rulings on this

28  issue.

20

1    Under federal law, there is a split of opinion as to whether a PAGA action can be

2  brought on an individual basis.  Some district courts have permitted employees to pursue PAGA

3  actions in arbitration on an individual basis.  *See Fardig*, 2014 WL 2810025, at *7 ("Plaintiffs'

4  PAGA claims are arbitrable on an individual basis, and the Arbitration Agreement's provision

5  barring a PAGA claim on behalf of others is enforceable."); *Miguel*, 2013 WL 452418, at *9–10

6  (holding that the plaintiff could arbitrate his PAGA claim individually based on the court's

7  reasoning in *Quevedo*); *Quevedo*, 798 F. Supp. 2d at 1140–42 (finding the representative PAGA

8  waiver to be enforceable, but permitting plaintiff to arbitrate the PAGA claim to the extent the

9  plaintiff asserted it on his own behalf); *Grabowski*, 817 F. Supp. 2d at 1181 ("[T]he Court

10  concludes that . . . [Plaintiff's] PAGA claim is arbitrable, and that the arbitration agreement's

11  provision barring him from bringing that claim on behalf of other employees is enforceable.").

12    Other district courts, however, have found that PAGA actions cannot be brought

13  on an individual basis.  *See Luchini*, 2012 WL 2995483, at *16 ("Dismiss[ing] without prejudice

14  the [plaintiff's] class, collective and PAGA claims in that such claims are not subject to

15  arbitration with [the plaintiff's] individual claims."); *Machado v. M.A.T. & Sons Landscape, Inc.*,

16  No. 2:09-cv-00459, 2009 WL 2230788, at *2–4 (E.D. Cal. July 23, 2009) (stating that a PAGA

17  action cannot be brought as an individual action—it may only be brought as a representative

18  action); *Cunningham*, 2013 WL 3233211, at *8 (clarifying that PAGA requires that actions must

19  be brought on a representative capacity because "PAGA does not recognize the existence of an

20  individual claim").

21    This Court finds that PAGA actions cannot exist on an individual basis. The plain

22  language of the statute permitting PAGA actions states that a plaintiff must bring such an action

23  "on behalf of himself or herself *and* other current or former employees."  Cal. Labor Code §

24  2699(a) (emphasis added).  This interpretation is supported by California courts.  Therefore, the

25  Court finds that Plaintiff's PAGA action falls within the waiver provision and Plaintiff is barred

26  from pursuing her PAGA action in arbitration.

27

28

1
2

**C.** **Motion to Dismiss, or in the Alternative, Compel Arbitration and Stay the Proceedings**

3

Having concluded that a valid arbitration agreement exists and that the disputes are

4

encompassed within the scope of the agreement, the Court must dismiss the action or compel the

5

action to arbitration and stay the proceedings.  A district court "has the discretion to either stay

6

the case pending arbitration or to dismiss the case if all of the alleged claims are subject to

7

arbitration."  *Delgadillo v. James McKaone Enters., Inc.*, No. 1:12-cv-1149, 2012 WL 4027019,

8

at *3 (E.D. Cal. Sept. 12, 2012.)  The Court concludes that all of Plaintiff's claims are subject to

9

arbitration, and therefore dismisses Plaintiff's claims without prejudice.

10

**IV.   CONCLUSION**

11

For the foregoing reasons, the Court DISMISSES Plaintiff's claims without

12

prejudice so that they can be addressed in arbitration.

13

IT IS SO ORDERED.

Dated: September 30, 2014

14

15

16

17

Troy L. Nunley
United States District Judge

18

19

20

21

22

23

24

25

26

27

28

22